# EXHIBIT A

FILED: KINGS COUNTY CLERK 11/20/2019 09:30 AM
NYSCEF DOC. NO. 1
INDEX NO. 525345/2019
RECEIVED NYSCEF: 11/20/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
INNA KOZLOVA,

                          Plaintiff(s),

-against-

WHOLE FOODS MARKET GROUP, INC, and
WHOLE FOODS, LLC.

                          Defendant(s).
-------------------------------------------------------------------X

Index No.: 525345/2019

**SUMMONS**

Basis of venue is the Residence of the Plaintiff

To the above named Defendant(s):

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorney a verified answer to the verified complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

<u>**Jury Trial Demanded. Trial is desired in the County of Kings.**</u>

Dated: New York, New York
         November 19, 2019

                                          Matthew J. Salimbene, Esq.
                                          **ALAN RIPKA & ASSOCIATES, LLP**
                                          *Attorneys for the Plaintiff(s)*
                                          900 Third Avenue, Suite 502
                                          New York, New York 10022
                                          P: (212) 557-4777
                                          F: (646) 793-4777

To:
Whole Foods Market Group, Inc
C T Corporation System
28 Liberty Street
New York, New York 10005
*Through Secretary of State*

Whole Foods, LLC.
NORTHWEST REGISTERED AGENT LLC
90 STATE STREET
SUITE 700, OFFICE 40
ALBANY, NEW YORK, 12207
*Through Secretary of State*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X
INNA KOZLOVA,                                                   Index No.: 525345/2019

                              Plaintiff(s),           **VERIFIED COMPLAINT**

    -against-

WHOLE FOODS MARKET GROUP, INC, and
WHOLE FOODS MARKET, LLC.

                              Defendant(s).
------------------------------------------------------------X

        Plaintiff, INNA KOZLOVA, by and through her attorneys, Alan Ripka & Associates, LLP, as and for a Verified Complaint against the Defendant, alleges upon information and belief that at all times hereinafter mentioned:

**BACKGROUND**

1. At all times hereinafter mentioned, Plaintiff, INNA KOZLOVA was and still is a resident of Kings County, State of New York.

2. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET GROUP, INC (hereinafter as "WHOLE FOODS MARKET") is a corporation duly organized and existing under the laws of the State of New York.

3. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET is a limited liability corporation duly organized and existing under the laws of the State of New York.

4. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET is a partnership duly organized and existing under the laws of the State of New York.

5. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET is a sole proprietorship duly organized and existing under the laws of the State of New York.

1

FILED: KINGS COUNTY CLERK 11/20/2019 09:30 AM
NYSCEF DOC. NO. 1
INDEX NO. 525345/2019
RECEIVED NYSCEF: 11/20/2019

6. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET does business in the County of New York in the State of New York.

7. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET has a place of business located at 1095 6th Avenue, in the County of New York, State of New York. (hereinafter as "PREMISES")

8. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET was the owner of the aforementioned premises.

9. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET was the lessor of the aforementioned premises.

10. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET was the leasee of the aforementioned premises.

11. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET leased the aforementioned premises.

12. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET operated a supermarket at the aforementioned premises.

13. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET operates a supermarket in the County of New York, State of New York.

14. At all times hereinafter mentioned, Defendant WHOLE FOODS LLC., (hereinafter as "WHOLE FOODS") is a corporation duly organized and existing under the laws of the State of New York.

15. At all times hereinafter mentioned, Defendant WHOLE FOODS is a limited liability corporation duly organized and existing under the laws of the State of New York.

16. At all times hereinafter mentioned, Defendant WHOLE FOODS is a partnership duly organized and existing under the laws of the State of New York.

17. At all times hereinafter mentioned, Defendant WHOLE FOODS is a sole proprietorship duly organized and existing under the laws of the State of New York.

18. At all times hereinafter mentioned, Defendant WHOLE FOODS does business in the County of New York in the State of New York.

19. At all times hereinafter mentioned, Defendant WHOLE FOODS has a place of business located at 1095 6th Avenue, in the County of New York, State of New York. (hereinafter as "PREMISES")

20. At all times hereinafter mentioned, Defendant WHOLE FOODS was the owner of the aforementioned premises.

21. At all times hereinafter mentioned, Defendant WHOLE FOODS was the lessor of the aforementioned premises.

22. At all times hereinafter mentioned, Defendant WHOLE FOODS was the leasee of the aforementioned premises.

23. At all times hereinafter mentioned, Defendant WHOLE FOODS leased the aforementioned premises.

24. At all times hereinafter mentioned, Defendant WHOLE FOODS operated a supermarket at the aforementioned premises.

25. At all times hereinafter mentioned, Defendant WHOLE FOODS operates a supermarket in the County of New York, State of New York.

**AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE**

3

26. Plaintiff repeat, re-allege and reiterate each and every one of the paragraphs numbered "1" through "25" as if fully set forth herein.

27. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET its agents, servants and employees managed the aforementioned premises.

28. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET its agents, servants and employees controlled the aforementioned premises.

29. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET its agents, servants and employees inspected the aforementioned premises.

30. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET its agents, servants and employees maintained the aforementioned premises.

31. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET its agents, servants and employees operated the aforementioned premises.

32. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET its agents, servants and employees was responsible for the aforementioned premises.

33. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET its agents, servants and employees was subject to safety rules, codes, laws and regulations in the County of Kings and State of New York.

34. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET its agents, servants and employees violated safety rules, codes, laws and regulations in the County of Kings and State of New York

35. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET its agents, servants and employees knew of a dangerous condition at the aforementioned premises.

4

36. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET its agents, servants and employees should have known of a dangerous condition on the aforementioned premises.

37. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET its agents, servants and employees had prior knowledge of a dangerous condition on the aforementioned premises.

38. At all times hereinafter mentioned, Defendant WHOLE FOODS MARKET its agents, servants and employees was in possession of the aforementioned premises.

39. At all times hereinafter mentioned, and prior thereto, Defendant WHOLE FOODS MARKET its agents, servants and employees allowed a dangerous condition to exist on the aforementioned premises.

40. At all times hereinafter mentioned, and prior thereto, Defendant WHOLE FOODS MARKET its agents, servants and employees caused and created a dangerous condition to exist at the aforementioned premises.

41. At all times hereinafter mentioned, and prior thereto, Defendant WHOLE FOODS MARKET its agents, servants and employees negligently failed and neglected to provide notice to individuals lawfully present on the aforesaid premises that a dangerous condition existed and failed to warn individuals who were lawfully present on the premises, specifically Plaintiff INNA KOZLOVA that a dangerous condition existed.

42. At all times hereinafter mentioned, Defendant WHOLE FOODS its agents, servants and employees managed the aforementioned premises.

43. At all times hereinafter mentioned, Defendant WHOLE FOODS its agents, servants and

5

FILED: KINGS COUNTY CLERK 11/20/2019 09:30 AM
NYSCEF DOC. NO. 1

INDEX NO. 525345/2019
RECEIVED NYSCEF: 11/20/2019

employees controlled the aforementioned premises.

44. At all times hereinafter mentioned, Defendant WHOLE FOODS its agents, servants and employees inspected the aforementioned premises.

45. At all times hereinafter mentioned, Defendant WHOLE FOODS its agents, servants and employees maintained the aforementioned premises.

46. At all times hereinafter mentioned, Defendant WHOLE FOODS its agents, servants and employees operated the aforementioned premises.

47. At all times hereinafter mentioned, Defendant WHOLE FOODS its agents, servants and employees was responsible for the aforementioned premises.

48. At all times hereinafter mentioned, Defendant WHOLE FOODS its agents, servants and employees was subject to safety rules, codes, laws and regulations in the County of Kings and State of New York.

49. At all times hereinafter mentioned, Defendant WHOLE FOODS its agents, servants and employees violated safety rules, codes, laws and regulations in the County of Kings and State of New York

50. At all times hereinafter mentioned, Defendant WHOLE FOODS its agents, servants and employees knew of a dangerous condition at the aforementioned premises.

51. At all times hereinafter mentioned, Defendant WHOLE FOODS its agents, servants and employees should have known of a dangerous condition on the aforementioned premises.

52. At all times hereinafter mentioned, Defendant WHOLE FOODS its agents, servants and employees had prior knowledge of a dangerous condition on the aforementioned premises.

6

FILED: KINGS COUNTY CLERK 11/20/2019 09:30 AM
NYSCEF DOC. NO. 1
INDEX NO. 525345/2019
RECEIVED NYSCEF: 11/20/2019

53. At all times hereinafter mentioned, Defendant WHOLE FOODS its agents, servants and employees was in possession of the aforementioned premises.

54. At all times hereinafter mentioned, and prior thereto, Defendant WHOLE FOODS its agents, servants and employees allowed a dangerous condition to exist on the aforementioned premises.

55. At all times hereinafter mentioned, and prior thereto, Defendant WHOLE FOODS its agents, servants and employees caused and created a dangerous condition to exist at the aforementioned premises.

56. At all times hereinafter mentioned, and prior thereto, Defendant WHOLE FOODS its agents, servants and employees negligently failed and neglected to provide notice to individuals lawfully present on the aforesaid premises that a dangerous condition existed and failed to warn individuals who were lawfully present on the premises, specifically Plaintiff INNA KOZLOVA that a dangerous condition existed.

57. At all times hereinafter mentioned, Plaintiff INNA KOZLOVA was lawfully on the subject premises.

58. On August 10, 2018, while Plaintiff INNA KOZLOVA was lawfully on the aforementioned premises she was caused to be violently precipitated to the ground.

59. The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of the Defendants, their agents, employees, or servants, which consisted inter alia of the following particulars:

   a. In negligently maintaining the aforementioned premises and in allowing and causing a dangerous condition to exist;

7

FILED: KINGS COUNTY CLERK 11/20/2019 09:30 AM
NYSCEF DOC. NO. 1

INDEX NO. 525345/2019
RECEIVED NYSCEF: 11/20/2019

    b. In failing to properly inspect the premises or remedying the hazardous condition;

    c. In negligently inspecting the premises;

    d. Failing to maintain the premises;

    e. In negligently managing the property;

    f. In failing to properly manage the premises;

    g. In failing to safely operate the market;

    h. In negligently operating the market;

    i. In causing and creating a dangerous condition;

    j. In failing to warn of the dangerous condition;

32. As a result of the aforesaid fall and the negligence of the Defendants, Plaintiff INNA KOZLOVA suffered serious personal and permanent physical injuries.

33. The aforesaid fall and resulting serious personal and permanent injuries were caused by the negligence, and gross negligence of the Defendants, in failing to provide a safe environment, allowing a dangerous environment to exist and failing to warn of the potential and foreseeable dangers within despite knowing the potential for danger existed.

34. Plaintiff INNA KOZLOVA's injuries were caused solely by reason of the negligence and gross negligence of the Defendants, without any culpable conduct or negligence on the part of the Plaintiff herein.

35. As a result of such injuries, pain and suffering, Plaintiff INNA KOZLOVA was caused to suffer damages in an amount of money that exceeds the monetary jurisdiction of all other Courts.

36. Said occurrence and resulting injuries occurred without any fault or wrongdoing on the part of the Plaintiff contributing thereto.

37. That this action is one that falls within one of the enumerated exceptions to CPLR, Article 16 and specifically, §1602, and as such the Defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

38. Pursuant to CPLR Section 1602 (2) (iv), the Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to, Plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1602, by reason of the fact that the Defendants owed Plaintiff a non-delegable duty of care.

39. Pursuant to CPLR Section 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to, Plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that the Defendants are vicariously liable for the negligent acts and omissions of its servants, agents, affiliates and/or employees.

40. Pursuant to CPLR Section 1602(7), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that the Defendants acted with reckless disregard for the safety of others.

**WHEREFORE** Plaintiff, INNA KOZLOVA, demand judgment against one, some or all of the Defendants WHOLE FOODS MARKET GROUP, INC. and WHOLE FOODS, LLC on the first cause of action in sums that exceeds the jurisdiction of all other courts lower than the

Supreme Court of the State of New York together with the costs, disbursements attorneys fees and interests of this action.

Dated: New York, New York
November 19, 2019

Matthew J. Salimbene, Esq.
**ALAN RIPKA & ASSOCIATES, LLP**
*Attorneys for the Plaintiff(s)*
900 Third Avenue, Suite 502
New York, New York 10022
P: (212) 557-4777
F: (646) 793-4777

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
INNA KOZLOVA,

                            Plaintiff(s),

-against-

WHOLE FOODS MARKET GROUP, INC, and
WHOLE FOODS, LLC.

                            Defendant(s).
-----------------------------------------------------------------X

Index No.: 525345/2019

**VERIFICATION**

STATE OF NEW YORK  )
                            ) ss.:
COUNTY OF NEW YORK  )

    Matthew J. Salimbene, Esq, being duly sworn, depose and says that he is one of the attorneys for the Plaintiff in the above-entitled action; that he has read the foregoing Summons and Complaint, and that the same is true to his own knowledge, except as to those matters stated therein to be alleged on information and belief, and as to those matters, he believes them to be true.

    This verification is made by deponent instead of the Plaintiff because the Plaintiff resides outside the County of New York where deponent maintains his offices.

Dated: New York, New York
         November 19, 2019

                                                                   Matthew J. Salimbene, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index #: 525345/2019

===================================================================

INNA KOZLOVA,

Plaintiff,

against,

WHOLE FOODS MARKET GROUP, INC, and WHOLE FOODS, LLC.,

Defendants.

===================================================================

**VERIFIED SUMMONS AND COMPLAINT**

===================================================================

Matthew J. Salimbene, P.C.
*Attorneys for Plaintiff*
900 Third Avenue, Suite 502
New York, NY 10022
Office: (212) 935-2060
Fax: (646) 783-3688

===================================================================

To:


Attorney(s) for:

Attorney Signature pursuant to 22 NYCRR Section 130-1.1(a)


Matthew J. Salimbene, Esq.

Dated: November 19, 2019
New York, New York