**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**INNA KOZLOVA,**

|  |  |
|---|---|
|                         **Plaintiff,** | **REPORT AND RECOMMENDATION** |
|        **-against-** | **20-CV-6025 (RPK)** |

**WHOLE FOODS MARKET GROUP, INC.,**

                         **Defendant.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Inna Kozlova ("plaintiff") brought this personal injury action in New York

State Supreme Court, Kings County, against defendant Whole Foods Market Group, Inc.

("defendant").[1]  Defendant removed the action to this Court based on diversity jurisdiction.

Currently pending before this Court, on a referral from the Honorable Rachel P. Kovner, is

plaintiff's motion to remand this case based on untimely removal, under 28 U.S.C.

§ 1446(c)(1).  For the reasons set forth below, this Court recommends that plaintiff's motion

be granted.

### BACKGROUND

On November 20, 2019, plaintiff commenced this case in state court, asserting claims

for injuries sustained from a fall on defendant's premises.  See Complaint ¶¶ 58-59, DE #1-1.

In compliance with the New York State pleading rules, the complaint did not specify the

amount of damages sought.  See N.Y. C.P.L.R. § 3017(c) ("[i]n an action to recover damages

---

[1] The complaint also names defendant Whole Foods Market, LLC, an entity that does not exist.  See Notice of Removal (Dec. 10, 2020) ("Notice") ¶ 3, Electronic Case Filing Docket Sheet ("DE") #1.

for personal injuries or wrongful death, the complaint . . . shall not state the amount of damages to which the pleader deems himself entitled").

Defendant received notice of the suit on or about December 10, 2019.  See Notice ¶ 2. On December 19, 2019, defendant served plaintiff with discovery demands, including a demand for a statement of damages.  See Notice ¶ 5; DE #9-1 (discovery demands).  In addition, on December 19, 2019, defense counsel sent opposing counsel a letter (DE #9-2), offering to enter into a stipulation capping damages at $75,000, in exchange for a waiver of removal to federal court.  See Letter in relation to Judge Mann's 12-20-20 OTSC (Dec. 22, 2020) ("Def. 12/22/20 Response") at 2-3, DE #9.  Having received no response, defense counsel followed up with plaintiff's counsel by letter on February 11, 2020 (DE #9-3), requesting a response to defendant's discovery demands, including a bill of particulars.  See Def. 12/22/20 Response at 3.[2]

On March 17, 2020, defendant moved in state court to dismiss the case on account of plaintiff's failure to provide discovery, or, in the alternative, to compel plaintiff to respond to the defense discovery demands.  See Def. 12/22/20 Response at 3; Notice ¶ 7.  Due to the COVID-19 pandemic, the return date for defendant's motion was adjourned to August 4, 2020. See Def. 12/22/20 Response at 3; Notice ¶ 8.  Following oral argument on the motion, the parties agreed to and did enter into a stipulation (DE #1-5), pursuant to which plaintiff would,

---

[2] Although the February 11, 2020 letter states that plaintiff was served with a demand for a bill of particulars on December 19, 2019 (see DE #9-3), the exhibits submitted by the parties demonstrate that defendant's demand for a bill of particulars was not served until September 24, 2020, see DE #7-2; cf. DE #9-1 (no demand for bill of particulars in 12/19/19 demands).

by October 20, 2020, provide responses to the outstanding discovery demands and demand for a bill of particulars, in exchange for defendant's withdrawal of the motion to dismiss.  See Notice ¶ 8.

On October 19, 2020, plaintiff served a bill of particulars (DE #1-6) and responses to defendant's discovery demands (DE #1-7).  See Notice ¶ 9.  Rather than specifying the amount of damages claimed, plaintiff responded to defendant's demand for a statement of damages as follows: "[P]laintiff demands a judgment against defendants in this action, in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction . . . ."  Plaintiff's Response to Defendant's Demands, DE #1-7 at 4.  In plaintiff's bill of particulars, she described the injuries she sustained (i.e., meniscal tear of the left knee; left knee arthroscopy; total left knee replacement surgery; meniscal tear of the right knee; rotator cuff tear of the right shoulder; tear of the supraspinatus tendon of the right shoulder) and cited the need for future surgical intervention.  See Verified Bill of Particulars, DE #1-6 at 5-6.

On November 12, 2020, defense counsel sent a letter to plaintiff's counsel demanding specification of the total amount of damages sought, pursuant to N.Y. C.P.L.R. § 3017(c).  See Notice ¶ 11; Letter dated November 12, 2020, DE #1-8.  Having received no response, see Notice ¶ 12, defendant removed the action to this Court, on the basis of diversity jurisdiction, on December 10, 2020 - more than one year after the commencement of the action and more than thirty days after having received plaintiff's bill of particulars.  Plaintiff moved to remand this case to state court on December 16, 2020, on the ground that defendant's filing of the Notice of Removal was untimely.  See Letter in Response (Dec. 16, 2020) ("Pl.

12/16/20 Letter"), DE #7.  This  Court thereupon issued an Order to Show Cause why the case should not be remanded to state court, see Order to Show Cause (Dec. 20, 2020), DE #8, which generated submissions by both parties, see Def. 12/22/20 Response; Letter in Response (Jan. 4, 2021) ("Pl. 1/4/21 Letter"), DE #10.

## DISCUSSION

### I.    General Legal Principles

A party may remove a civil action brought in state court when the federal court has original jurisdiction over the action.  See 28 U.S.C. § 1441(a).  A federal court has original jurisdiction over an action where the amount in controversy exceeds $75,000 and is between citizens of different states.  See 28 U.S.C. § 1332(a)(1).

By statute, removal of a case to federal court must occur within thirty days of receipt of the complaint.  See 28 U.S.C. § 1446(b)(1).  However, where, as here, the complaint does not state the amount in controversy, the notice of removal must be filed within thirty days of the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Id. § 1446(b)(3).

In addition to the foregoing thirty-day deadline, a case may not be removed to federal court on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1).  If "the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith . . . ."  Id. § 1446(c)(3)(B).

II.    **Application of the Law to the Facts of This Case**

   A.    Existence of Diversity Jurisdiction

   As an initial matter, although plaintiff raises only a procedural objection to removal, the Court has an obligation to satisfy itself that federal jurisdiction exists over the matter.  See Filsaime v. Ashcroft, 393 F.3d 315, 317 (2d Cir. 2004); Nocelli v. Kaiser Gypsum Co., Inc., No. 19-CV-1980 (RA), 2020 WL 230890, at *3 (S.D.N.Y. Jan. 15, 2020); Cruz v. Stop & Shop Supermarket Co. LLC, No. 19-CV-11565 (RA), 2020 WL 3430193, at *3 (S.D.N.Y. June 23, 2020).  This Court concludes that there is diversity jurisdiction in this action.

   First, it is undisputed that the parties are citizens of different states.  See Notice ¶¶ 25-27.  Second, although plaintiff's complaint did not provide sufficient information from which defendant could "intelligently ascertain removability," a court may consider other evidence in the record to establish that the amount in controversy exceeds the $75,000 jurisdictional threshold.  See United Food & Commerical Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meridian Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994) (collecting cases); see also Yong Qin Luo v. Mikel, 625 F.3d 772, 775 (2d Cir. 2010).  The removing party must demonstrate only a "reasonable probability" that the jurisdictional minimum is satisfied.  See United Food, 30 F.3d at 305.

   Here, defendant has demonstrated that plaintiff's claims satisfy the jurisdictional minimum.  Although the complaint does not provide sufficient information for defendant to intelligently ascertain removability, plaintiff's bill of particulars shows a reasonable probability that plaintiff's damages exceed $75,000.  Plaintiff alleges that she suffered meniscal tears of

5

both knees, requiring total left knee replacement surgery; a rotator cuff tear of the right shoulder; a tear of the supraspinatus tendon of the right shoulder; and requires further surgeries. Injuries of similar magnitude have been found sufficient to establish that the amount-in-controversy requirement has been met. See Ford-Smith v. HMS Host Corp., 1:19-CV-0947 (GTS/ML), 2020 WL 1242394, at *4 (N.D.N.Y. Mar. 16, 2020) (concluding that bill of particulars showed reasonable probability of damages in excess of $75,000 where plaintiff claimed injuries to head causing headache, neck pain and dizziness); Scottsdale Ins. Co. v. Acceptance Indem. Ins. Co., No. 19-CV-7294 (RA), 2019 WL 6498316, at *4 (S.D.N.Y. Dec. 3, 2019) (finding reasonable probability that amount in controversy exceeded $75,000 where plaintiff listed in bill of particulars injuries to cervical spine, lumbar spine, left ankle and left shoulder). Based on the detailed injuries described in plaintiff's bill of particulars, defendant has shown that the amount in controversy exceeds $75,000.00.

B.    Timeliness of Removal

Turning to the timeliness of defendant's notice of removal, plaintiff contends that defendant violated the one-year limit on removing diversity cases from state court. See Pl. 12/16/20 Letter. In response, defendant argues that the exception to the one-year removal period applies because of what it characterizes as "ample evidence of plaintiff's bad faith in deliberately attempting to prevent Whole Foods from removing this case to federal court on the basis of diversity jurisdiction." Notice ¶ 16 (emphasis omitted); see Def. 12/22/20 Response.

Federal courts "construe removal statutes strictly and resolve doubts in favor of remand." Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 220 (2d Cir. 2013); Somlyo v. J.

Lu-Rob Enters., 932 F.2d 1043, 1045-46 (2d Cir. 1991).  The removing party bears the burden of establishing that removal was proper, including compliance with the requirements of the removal statute.  See Wade v. Burns, 803 F.App'x 433, 435-36 (2d Cir. 2020); Ford-Smith, 2020 WL 1242394, at *2; Khakimova v. Acme Mkts., Inc., 20-CV-02734 (ARR) (PK), 2020 WL 5511537, at *2 (E.D.N.Y. Sept. 14, 2020).

To trigger the bad-faith exception to the one-year limit, defendant must show that plaintiff acted in bad faith in order to prevent defendant from removing the action from state court.  See 28 U.S.C. § 1446(c)(1), (c)(3)(B).  Defendant bears the burden of proving bad faith by clear and convincing evidence.  See Khakimova, 2020 WL 5511537, at *2; Marin v. Sephora USA, Inc., No. 20 Civ. 3520 (CM), 2020 WL 3999711, at *7 (S.D.N.Y. July 15, 2020); Ford-Smith, 2020 WL 1242394, at *5.   The bad-faith exception is narrow and was intended by Congress to be "'limited in scope.'"  Khakimova, 2020 WL 5511537, at *2 (quoting Nocelli, 2020 WL 230890, at *4).

Under the removal statute, bad faith occurs where the plaintiff "deliberately failed to disclose the actual amount in controversy to prevent removal."  28 U.S.C. § 1446(c)(3)(B).  "[E]ven where delay in defendants' removal could be traced to plaintiff's actions, courts have declined to excuse an untimely removal where plaintiff's actions did not evince a specific desire to prevent removal."  Cruz, 2020 WL 3430193, at *4 (internal quotations marks and citation omitted) (citing cases); Khakimova, 2020 WL 5511537, at *3.  "A party's bad faith is shown when 'the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'"

7

Ford-Smith, 2020 WL 1242394, at *5 (quoting Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986)).

Defendant asserts that bad faith is evidenced by plaintiff's failure to disclose the amount in controversy "deliberate[ly] and repeated[ly]."  Notice ¶ 18.  However, plaintiff's counsel's lapses in responding to defendant's discovery demands do not rise to the level of clear and convincing evidence of bad faith.  Because the attorney previously prosecuting this case left plaintiff's counsel's firm, current counsel was not aware of and could not confirm whether his office had ever received either the discovery demands defendant served in December 2019, or defense counsel's letter regarding removal of the action to this Court.  See Pl. 12/16/20 Letter at 1; Pl. 1/4/21 Letter at 1, 2.  Indeed, plaintiff's counsel states that as far as he knows, plaintiff was first served with the demand for a bill of particulars on September 25, 2020, see Pl. 1/4/21 Letter at 2 — and the only such demand furnished to the Court is in fact dated September 24, 2020, see supra note 2.  Unresponsiveness alone does not "constitute bad faith."  Khakimova, 2020 WL 5511537, at *3.  Even where counsel's explanation for his or her unresponsiveness is not "particularly compelling," courts in this Circuit have found that attorney oversight does not constitute bad faith.  See Khakimova, 2020 WL 5511537, at *3 (no bad faith where delay was attributable to "overworked paralegal in a solo practitioner's office"); Marin, 2020 WL 3999711, at *7 (no bad faith on the part of plaintiff, where delay was due to "incompetent and neglectful attorney, who was eventually fired after engaging in a pattern of behavior"); Martinez v. Yordy, No. 16 CIV. 005 (BMC), 2016 WL 8711443, at *3 (E.D.N.Y. Feb. 19, 2016) (finding "negligence, but not bad faith," where plaintiff had

changed attorneys and her new attorney stated that he was "unaware" of the defendant's discovery demands until removal).  Moreover, nearly half of the one-year statutory period that elapsed in this case is attributable to the state court's adjournment of defendant's motion to compel.  Given these circumstances, there is no clear and convincing evidence that plaintiff was engaged in strategic gamesmanship or a specific desire to prevent removal.

In any event, not all of the delay in removal can be blamed on plaintiff's counsel. Plaintiff served her bill of particulars on October 19, 2020, which included a description of plaintiff's injuries that allowed defendant to "intelligently ascertain removability."  See infra at pp. 5-6.  Indeed, in its Notice of Removal, defendant expressly relied on plaintiff's bill of particulars in claiming that the amount in controversy exceeds the jurisdictional minimum. Notice ¶¶ 13-15.  Defendant missed other opportunities that could have enabled it to ascertain removability earlier.  Even assuming arguendo that plaintiff's counsel received defendant's discovery demands in December 2019, three months passed before defendant filed its motion to compel in state court.  Then, in connection with an agreement reached by the parties on August 4, 2020, defendant agreed to wait until October 19, 2020 to receive plaintiff's discovery responses.  See id. ¶ 8.  Thereafter, despite its apparent dissatisfaction with plaintiff's October 19, 2020 responses, defendant waited until November 12, 2020 to pursue the issue with plaintiff.  See id. ¶ 11.  By that point, only one week remained before the expiration of the one-year deadline.  In other words, defendant could have filed a timely notice of removal before the expiration of the one-year deadline, regardless of plaintiff's delays. Defendant's lack of diligence weighs strongly against a finding of bad faith on plaintiff's part.

9

See Khakimova, 2020 WL 5511537, at *3 (remanding diversity action because of untimely removal, where defendants "could have used the information in the Bill of Particulars to timely file a notice of removal based on a showing, by a preponderance of the evidence, that the amount in controversy exceeded $75,000"); Marin, 2020 WL 3999711, at *6; Martinez, 2016 WL 8711443, at *3.

Finally, defendant's removal is also untimely under the 30-day time limit for removal embodied in 28 U.S.C. § 1446(b)(3). Under that section, a notice of removal must be filed within 30 days after receipt of a document "from which it may first be ascertained that the case is one which is or has become removable." Id. As discussed above, not only *could* defendant reasonably ascertain that the amount in controversy exceeds the jurisdictional minimum based on plaintiff's bill of particulars (received by defendant on October 19, 2020), but defendant *did* so, declaring in its notice of removal that "based" on that bill of particulars, "there can be very little doubt that the amount in controversy herein exceeds $75,000," Notice ¶ 15. Having relied on plaintiff's claimed injuries as the basis for removal, defendant should not now be heard to argue that its "subjective knowledge" of the value of those injuries "does not serve to commence the 30-day removal clock." Def. 12/22/20 Response at 2. In short, the notice of removal, filed on December 10, 2020, falls beyond the thirty-day deadline for removal.[3] See Ford-Smith, 2020 WL 1242394, at *6 (ordering remand where notice of removal was filed

---

[3] Because the timeliness issue was raised in both plaintiff's December 16th letter (DE #7) and this Court's December 20th Order to Show Cause (DE #8) within thirty days of the filing of the Notice of Removal, there is no bar to remanding the case on procedural grounds more than thirty days after removal. See JP Morgan Chase Bank, N.A. v. Caires, 768 F.App'x 73, 75 (2d Cir. 2019); Jimenez-Castro v. Greenwich Ins. Co., No. 20-CV-09210 (ALC), 2020 WL 7352505, at *2 (S.D.N.Y. Dec. 15, 2020).

more than 30 days after receipt of plaintiff's bill of particulars, which "enabled [defendant] to ascertain that the amount in controversy exceeds the $75,000 threshold"); see also Rositani v. Cochran, No. 20-CV-8273, 2020 WL 7384531, at *2 (S.D.N.Y. Dec. 16, 2020) (granting motion to remand where notice of removal was filed more than 30 days after email sent by plaintiff's counsel specifying the amount of damages sought); Lehman Bros. Holdings Inc. v. JPMorgan Chase Bank, N.A., 77 F.Supp.3d 376, 378 (S.D.N.Y. 2015) (ordering remand where defendant failed to file notice of removal within 30 days of receipt of cover letter that put it on notice that case was removable).

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that this case be remanded on timeliness grounds to Supreme Court, Kings County.

Any objections to this Report and Recommendation must be filed with the Honorable Rachel P. Kovner on or before February 8, 2021.  Failure to file objections in a timely manner may waive a right to appeal the District Court order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

**Dated:     Brooklyn, New York**
**           January 24, 2021**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

11