UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
INNA KOZLOVA,

        Plaintiff,                               **MEMORANDUM AND ORDER**

       v.                                     20-CV-6025 (RPK) (RLM)

WHOLE FOODS MARKET GROUP, INC.,

        Defendant.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

       Defendant Whole Foods Market Group, Inc. removed this personal injury lawsuit to federal court more than one year after plaintiff Inna Kozlova commenced the action in the state court. Notice of Removal (Dkt. #1). Plaintiff moved to remand the case on the ground that defendant's removal was untimely. Mot. to Remand (Dkt. #7). In a report and recommendation ("R. & R."), Judge Mann recommends granting plaintiff's motion to remand. *See* R. & R. (Dkt. #11). Judge Mann found removal untimely both because defendant failed to remove the case within one year of its filing and because defendant failed to remove the case within thirty days of receiving a paper from which defendant could have ascertained the amount in controversy. *See id.* at 9-11. For the reasons set out below, I adopt Judge Mann's recommendation that the case be remanded on the first ground, and accordingly need not address the second. The case is remanded to the Supreme Court of the State of New York, County of Kings.

## BACKGROUND

       I assume familiarity with the underlying facts and procedural history, *see id.* at 1-4, which I describe here only as needed to address defendant's R. & R. objections.

       Plaintiff filed suit in the Supreme Court of the State of New York, County of Kings, on November 20, 2019. *See* Notice of Removal Ex. A (Dkt. #1-1). The complaint alleged that

1

plaintiff fell on defendant's property and "suffered serious personal and permanent physical injuries." *Id.* at 11.* Consistent with New York State pleading rules, the complaint did not state the amount of damages sought. *See* N.Y. C.P.L.R. § 3017(c).

On December 10, 2019, the complaint was served on defendant. Notice of Removal Ex. B (Dkt. # 1-2). Nine days later, defendant served plaintiff with discovery requests. Def.'s Resp to Order to Show Cause at 2 (Dkt. #9). These included demands that plaintiff provide medical reports and "set forth the amount of damages sought in each cause of action." *Id.* Ex. A at 7, 25 (Dkt. # 9-1). Defendant also offered to refrain from removing the case to federal court in return for a stipulation capping damages at $75,000. *Id.* Ex. B (Dkt. #9-2).

Plaintiff did not respond to the discovery demands, and so defendant sent a letter on February 11, 2020 renewing its requests. *Id.* Ex. C (Dkt. #9-3). The letter also stated that defendant had asked for a "[v]erified [b]ill of [p]articulars" on December 19, 2019, but it did not enclose that request. *Ibid.*; *see id.* Ex. A.

On March 17, 2020, defendant filed a motion in New York State court to dismiss the complaint based on plaintiff's failure to respond to the discovery demands. Notice of Removal at 2. In the alternative, defendant asked that plaintiff be compelled to respond. *Ibid.* Due to the COVID-19 pandemic, the state court adjourned the motion until August 4, 2020. Def.'s Resp. to Order to Show Cause at 3. Over the next five months, plaintiff did not respond to the discovery requests. *Ibid.*

On August 4, 2020, after oral argument on defendant's motion, plaintiff agreed to respond to the discovery requests and to provide a bill of particulars if defendant withdrew the

---

* Citations follow the pagination assigned by the Electronic Court Filing ("ECF") system rather than the documents' internal pagination.

2

motion. *See* Notice of Removal at 2-3; *id.* Ex. E (Dkt. #1-5). The parties signed a stipulation that required plaintiff to fulfill those requests by October 20, 2020. *Id.* Ex. E.

Plaintiff served a bill of particulars and discovery responses on October 19, 2020. *See id.* at 3; *id.* Ex. F (Dkt. #1-6); *id.* Ex. G (Dkt. #1-7). Neither plaintiff's bill of particulars nor her discovery responses make a numerical claim for monetary damages. *See id.* Ex. F; *id.* Ex. G. Instead, plaintiff's response to the demand for a statement of damages states that "[p]laintiff demands a judgment against defendants . . . in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction." *Id.* Ex. G at 5. In the bill of particulars, plaintiff lists her injuries, including meniscal tears in both knees, a right rotator cuff tear, a tear of her right suprasplanatus tendon, headaches, and facial scarring. *Id.* Ex. F. at 6-9. The state court entered a scheduling order on November 6, 2020 that required plaintiff to respond to defendant's remaining demands for discovery within thirty days and required plaintiff to serve a bill of particulars including "all claims of damages" by December 18, 2020. Pl.'s Letter Ex. 3 at 5 (Dkt. #7-3).

On November 12, 2020, defendant sent plaintiff a letter demanding a numerical figure for plaintiff's damages claim. Notice of Removal Ex. H (Dkt. #1-8); *see* N.Y. C.P.L.R. § 3017(c) ("[A] party against whom an action to recover damages for personal injuries . . . is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled.").

On December 10, 2020, without having received a response from plaintiff, defendant filed a notice of removal to federal court. The notice was filed more than thirty days after plaintiff served the bill of particulars and more than a year after the action commenced. Notice of Removal at 3. Defendant argued that the case was removable because the parties are diverse

3

and the list of injuries in plaintiff's bill of particulars leaves "very little doubt that the amount in controversy herein exceeds $75,000.00, exclusive of interest and costs." *Id.* at 4, 6.

Plaintiff challenged the timeliness of removal in a letter to Judge Mann. Pl.'s Letter (Dkt. #7). Plaintiff noted that diversity-based removals are permitted only within one year of a lawsuit's filing, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* at 1 (quoting 28 U.S.C. § 1446(c)(1)). Plaintiff argued that the circumstances surrounding her delay in responding to defendant's demands did not suggest bad faith. Specifically, counsel stated that the lawyer who had initially handled the case on behalf of plaintiff had left the firm, and that "[a]lthough it is claimed that discovery demands were served around the same time as the answer," counsel "could not confirm that our office ever received the demands." *Id.* at 1. Counsel added that he first received a copy of defendant's discovery demands on September 21, 2020, and first received the demand for a bill of particulars on September 25, 2020—less than a month before counsel responded those demands. *Id.* at 2.

Judge Mann construed the letter as a motion to remand and directed the parties to make submissions concerning whether removal was proper. Order to Show Cause (Dkt. #8). I referred plaintiff's letter motion to Judge Mann for an R. & R. Judge Mann has now issued an R. & R. concluding that the case should be remanded. Judge Mann concluded that removal was untimely because defendant failed to remove the case within one year of the start of the action and plaintiff did not act in bad faith to prevent removal. *See* R. & R. at 6-10; 28 U.S.C. § 1446(c)(1). Judge Mann also concluded that removal was untimely because defendant failed to remove the case within thirty days of receiving a paper from which defendant could have ascertained the

4

amount in controversy. *See* R. & R. 10-11; 28 U.S.C. § 1446(b)(3). Judge Mann therefore recommends that I remand the case to state court. *See* R. & R. at 11.

Defendant objects. First, defendant argues that the thirty-day removal clock set by 28 U.S.C. § 1446(b)(3) does not start running until the defendant receives a paper setting forth a numerical amount of damages. Def.'s Objection at 1-2 (Dkt. #12). Second, defendant maintains that "[a]mple bad faith is apparent on the part of plaintiff to justify tolling the one-year limitation" in 28 U.S.C. § 1446(c)(1). Def.'s Objection at 2. Defendant therefore contends that removal was timely. *See id.* at 4.

## STANDARD OF REVIEW

### I.     Review of a Magistrate Judge's Report and Recommendation

The standard of review a district court should use when considering an order or recommendation from a magistrate judge depends on whether the issue "is dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1). If a party timely objects to a magistrate judge's recommendation on a dispositive issue, then the district court must "determine de novo" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). A magistrate judge's recommendation to remand a case is dispositive and therefore must be reviewed de novo when a party objects. *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008).

Those parts of an R. & R. that are uncontested or are not properly objected to may be reviewed, at most, for "clear error." *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citation omitted); *see Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citing Fed. R. Civ. P. 72 advisory committee's note to 1983 addition). Clear error will only be found if after reviewing the entire record, the court is "left with the definite and firm conviction that a

5

mistake has been committed." *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015) (citation omitted).

## II.     Diversity Jurisdiction

Federal jurisdiction only exists when a "federal question" is presented, *see* 28 U.S.C. § 1331, or when there is complete diversity of citizenship and the amount in controversy exceeds $75,000, *see id.* § 1332. Federal courts are obligated to "determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3).

A defendant may generally remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to federal district court. 28 U.S.C. § 1441(a). To remove a case based on diversity jurisdiction, a defendant must meet two deadlines. First, the defendant must file a notice of removal within thirty days of receiving the first paper "from which it may . . . be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Second, the defendant must remove the case within one year of the date on which the lawsuit began, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent" removal. *Id.* § 1446(c)(1). A plaintiff's "deliberate[] [failure] to disclose the actual amount in controversy to prevent removal" qualifies as "bad faith." *Id.* § 1446(c)(3)(B). "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991), *superseded on other grounds by* Fed. R. Civ. P. 5, 83 *as recognized in Contino v. United States*, 535 F.3d 124, 127 (2d Cir. 2008); *accord Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).

Judge Mann determined that the defendant must show by clear and convincing evidence that the plaintiff acted in bad faith to avail itself of the exception to the one-year removal time limit. *See* R. & R. at 7 (citing *Khakimova v. Acme Mkts., Inc.*, No. 20-CV-02734 (ARR) (PK), 2020 WL 5511537, at *2 (E.D.N.Y. Sept. 14, 2020); *Marin v. Sephora USA, Inc.*, No. 20 Civ. 3520 (CM), 2020 WL 3999711, at *7 (S.D.N.Y. July 15, 2020); *Ford-Smith v. HMS Host Corp.*, No. 1:19-CV-0947 (GTS/ML), 2020 WL 1242394, at *5 (N.D.N.Y. Mar. 16, 2020)). Defendant does not object to that standard. And while the Second Circuit has not spoken to the question, district courts in this circuit routinely apply a clear-and-convincing-evidence standard in this context. *See, e.g.*, *Marin*, 2020 WL 3999711, at *7; *Forth v. Diversey Corp.*, No. 13-CV-808-A, 2013 WL 6096528, at *2 (W.D.N.Y. Nov. 20, 2013); *cf. Holman v. Coventry Health & Life Ins. Co.*, No. CIV-17-0886-HE, 2017 WL 5514177, at *2 (W.D. Okla. Nov. 17, 2017) (requiring "strong, relatively compelling evidence"). Under these circumstances, at minimum, there is no clear error in requiring defendant to establish bad faith by clear and convincing evidence.

## DISCUSSION

While the parties are diverse and there is a reasonable probability that plaintiff's damages exceed $75,000, *see* R. & R. at 5-6; 28 U.S.C. § 1332, this lawsuit must be remanded because it was not removed within a year of its filing. As Judge Mann explained, defendant has failed to establish by clear and convincing evidence that plaintiff acted in bad faith to prevent removal and therefore cannot avail itself of the exception to the one-year limit.

Although "[t]he Second Circuit has not yet expressly articulated the scope of [the] bad faith exception, . . . courts in this Circuit [have] granted equitable extensions of the one-year removal period in cases where the plaintiff has engaged in strategic gamesmanship to prevent a defendant's removal from state court." *Cruz v. Stop & Shop Supermarket Co.*, No. 19-CV-11565

7

(RA), 2020 WL 3430193, at *3 (S.D.N.Y. June 23, 2020) (quoting *Nocelli v. Kaiser Gypsum Co.*, No. 19-CV-1980 (RA), 2020 WL 230890, at *5 (S.D.N.Y. Jan. 15, 2020)). Courts find bad faith where plaintiff's actions "evince a specific desire to prevent removal." *Id.* at *4 (collecting cases) (quoting *Purple Eagle Ent. Inc. v. Bray*, No. 18 Civ. 3767 (GBD)(HBP), 2018 WL 7968909, at *2 (S.D.N.Y. Dec. 6, 2018), *report and recommendation adopted*, 2019 WL 493812 (S.D.N.Y. Feb. 8, 2019)). Such intent may be inferred where plaintiff's "actions are so completely without merit as to require the conclusion that they must have been taken for some improper purpose such as delay." *Ford-Smith*, 2020 WL 1242394, at *5 (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986)); *see Martinez v. Yordy*, No. 16 Civ. 005 (BMC), 2016 WL 8711443, at *2 (E.D.N.Y. Feb. 19, 2016). However, evidence of delay without evidence of motive is insufficient to toll the one-year period. *Klimaszewska v. Target Corp.*, No. 21 CV 374 (LDH)(LB), 2021 WL 2877416, at *3 (E.D.N.Y. June 4, 2021) ("Proof that a plaintiff failed to respond to multiple requests for discovery and a demand for damages, without more, is insufficient to establish the requisite bad faith and motive necessary for removal after one year."), *report and recommendation adopted by* 2021 WL 2856891 (E.D.N.Y. July 8, 2021); *Khakimova*, 2020 WL 5511537, at *3 ([P]laintiffs' unresponsiveness does not, alone, constitute bad faith.").

      Defendant has not offered clear and convincing evidence that the reason plaintiff delayed discovery and failed to give a damages statement was to prevent removal. Unresponsiveness does not amount to bad faith absent indicia of intent to prevent removal. *See Khakimova*, 2020 WL 5511537, at *3; *Marin*, 2020 WL 3999711, at *7; *Martinez*, 2016 WL 8711443, at *3; *cf. Ford-Smith*, 2020 WL 1242394, at *5 (finding bad faith where plaintiffs could not explain why they failed to respond to discovery requests). Here, plaintiff has attributed her litigation conduct

8

to a series of attorney oversights and delays in state court proceedings resulting from the COVID-19 pandemic. *See* Pl.'s Letter at 1. Nonetheless, plaintiff sent a bill of particulars and discovery responses to defendant with a month to spare on the removal clock. *Id.* at 2. Although the bill of particulars did not specify plaintiff's total damages claim—and although plaintiff does not explain the omission—she gave defendant a list of injuries like others that courts in this circuit have found adequate for removal. *See, e.g.*, *Ford-Smith*, 2020 WL 1242394, at *4. Indeed, defendant did ascertain removability from that document. Notice of Removal at 4. Defendant accordingly could and "should have taken action to ensure removal before one year had elapsed." *Klimaszewska*, 2021 WL 2877416, at *4; *see Purple Eagle*, 2019 WL 493812, at *3 (finding alleged bad faith conduct did not prevent removal where defendants should have known the amount in controversy exceeded the jurisdictional limit from the complaint). An injury list that would have permitted removal if defendant had not delayed is anything but clear and convincing evidence of bad faith.

The only case cited by defendant, *Ford-Smith v. HMS Host Corp.*, No. 1:19-CV-0947 (GTS/ML), 2020 WL 1242394 (N.D.N.Y. Mar. 16, 2020), is not analogous. In *Ford-Smith*, defendant attempted to remove a case after the one-year limit based on an injury list in the bill of particulars. *Id.* at *6. For over a year, plaintiffs had ignored letters asking for a bill of particulars and a statement of damages. *Id.* at *1. Plaintiffs sent the bill of particulars after the one-year period expired and "failed to articulate why they failed to respond to [the] discovery requests." *Id.* at *5-6. Unlike *Ford-Smith*, the plaintiff here sent the bill of particulars with a month left before the removal deadline and gave some explanation for her delays. The court in *Ford-Smith* may have been justified in inferring a bad faith attempt to prevent removal from

9

plaintiff's lack of explanation. But in this case, it was defendant's choice to wait past the one-year mark with a removable paper in hand that prevented removal.

## CONCLUSION

I adopt Judge Mann's R. &. R. insofar as it concluded that removal was untimely because defendant did not file its notice within one year of commencement of the action and did not show by clear and convincing evidence that plaintiff acted in bad faith to prevent removal. *See* 28 U.S.C. § 1446(c)(1). Because removal was untimely on that basis, I need not address whether removal was deficient for any other reason. The case is remanded to the Supreme Court of the State of New York, County of Kings. The Clerk of the Court is respectfully directed to mail a certified copy of this order to the clerk of the New York State court. *See* 28 U.S.C. § 1447(c).

SO ORDERED.

                                        */s/ Rachel Kovner*
                                        RACHEL P. KOVNER
                                        United States District Judge

Dated: September 26, 2021
       Brooklyn, New York